RECKERS, P, J.
I concur in the opinion of Judge DeCristoforo and add the following: The three members of this court are in agreement that the material with which we are concerned is “hardcore pornography” if anything can be “hardcore pornography.” But Judge Goldberg is disturbed to the point of dissent by the decision in Redrup v. New York, 386 U.S. 767 [18 L.Ed.2d 515, 87 S.Ct. 1414] decided May 8,1967. I am unable to read into Redrup a requirement that a statute proscribing the commercial distribution of pornographic material as the same is defined in Roth v. United States (1957) 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304] cannot be valid unless it is directed toward the protection of juveniles or unwilling audiences or expressly prohibits “pandering” in the distribution of the material. It is true that Redrup recites the absence of such claims by the prosecution and also the absence of “pandering” as that term is used in Ginzburg v. United States (1966) 383 U.S. 463 [16 L.Ed.2d 31, 86 S.Ct. 942] 'but it does not follow that the conviction of Redrup was reversed because of the absence of such elements.
Whether or not Redrup has been misconstrued or misapplied in later cases, the Supreme Court of California has taken the view that the Supreme Court of the United States has now drawn the line between constitutionally non-repressible pornography and constitutionally repressible pornography at a point which permits private use and assimilation of pornographic material, no matter what, and a point which forbids commercial distribution and dissemination of pornographic material which meets the Roth test. (People v. Luros (1971) 4 Cal.3d 84 [92 Cal.Rptr. 833, 480 P.2d 633], referring to Stanley v. Georgia (1969) 394 U.S. 557 [22 L.Ed.2d 542, 89 S.Ct. 1243].)
The last paragraph of the majority opinion in People v. Luros, supra at page 93 of 4 Cal.3d, reads as follows: “Therefore we find that Stanley, as the United States Supreme Court expressly stated, does not impair Roth and the cases following it. States retain broad power to regulate obscenity and regulation of the public distribution of obscenity falls well within the broad scope of that power. Stanley does not require that an indictment charging public distribution of obscenity also charge that the obscene *Supp. 40 matter was distributed to a child or unwilling audiences. We conclude that Stanley has no application to[1] [this] case.”
Mr. Justice Tobriner in his dissent in Luros mentioned the “special circumstances” referred to in Redrup so we may assume that the majority which decided Luros was conversant with all of the arguments which disturb our dissenting colleague in the present case.
Six weeks after the decision of Luros by the Supreme Court of California, the Supreme Court of the United States decided United States v. Reidel (May 3, 1971) 402 U.S. 351 [28 L.Ed.2d 813, 91 S.Ct. 1410] and in that decision arrived at the conclusion that the restriction of sales to adults only and to willing purchasers did not require a holding that the material could not constitutionally be suppressed as hardcore pornography assuming it met the Roth test. This should lay the ghost of Redrup to rest, and attacks upon the California statute should be addressed to the Legislature rather than the courts.
At the time of the trial of the case on appeal, section 311 of the Penal Code defined various words used in chapter 7.5 which includes section 311.2. The defendants were charged either with “distributing obscene matter” or “possessing with intent to distribute” under the same section. It was established that the “distributions” involved or intended were sales.
Section 311, subdivision (a) defined “obscene matter” as set forth by Judge Goldberg in his dissent, but section 311, subdivision (d) defined the word “distribute” as follows: “(d) ‘Distribute’ means to transfer possession of, whether with or without consideration.”
People v. Noroff, 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479], did not hold that “pandering” had to be established before material could be held to be repressible pornography. It merely held that in the case before the court the material could not qualify, under the decision in Roth, supra, as repressible pornography and that since there was no evidence of “pandering” which might permit a holding that the material was repressible, in spite of its innocuous character, it could not be repressed. Under the test set forth in Roth, it was therefore not repressible pornography, hoi the case before this court the material is repressible under the Roth test and it is completely irrelevant whether “pandering” is present or not present. The only thing necessary is “distribution” or “intent to distribute” and in this case since the distribution was “commercial” we need not concern ourselves about what we would be called upon to decide if the material here had not been sold by the defendants or held by them for sale. In other words, the statute with which we are dealing is valid as to *Supp. 41 the defendants in this case under the circumstances with which we are here involved.
This principle of appellate review is set forth in a dissenting opinion by Mr. Justice Frankfurter in Staub v. Baxley (1958) 355 U.S. 313, 330-331 [2 L.Ed.2d 302, 316, 78 S.Ct. 277] as follows: “Even though its action may result in the disadvantages and embarrassments of keeping open doubtful questions of constitutionality, this Court will consider only those very limited aspects of a statute that alone may affect the rights of a particular litigant before the Court. ... A statute may be found invalid in some of its parts but valid in others ... it may be valid at one time and not another ... it may be valid under one state of facts but not another ... it may be valid as to one class of persons and invalid as to others, ... It is because the exercise of the right to declare a law unconstitutional is ‘the most important and delicate duty of this Court,’ and because that right ‘is not given to [the Court] ... as a body with revisory power over the action of Congress,’ . . . nor, it may be added, over the action of the forty-eight States, that this Court has from the beginning demanded of litigants that they show in precisely what way and to what extent incursions have been made into their federally protected rights and rules have been developed designed to narrow as closely as possible the issues presented by such claims.”
I am therefore convinced that section 311.2 was valid as to the defendants in this case in; that their conduct or intention with reference to the material in question was “distribution” of a commercial character. That is all that was required.

I dissent somewhat more vigorously on two other propositions. The one is on the publication of these opinions. I do not believe that they meet the criteria for publication in California Rules of Court, rule 976. They do not establish a new rule or modify an existing rule. They do not criticize or even involve existing law, because the applicable statute has long since been amended significantly. And, I feel, they do not involve matters of public interest such as are described in footnote 2 to rule 976. The “constitutional jungle” cannot be reclaimed by this court With *Supp. 42 three reviewing courts over us, we can do no more than go over old ground and contribute to rather than relieve the existing difficulties. I view these opinions only as aids to our own analysis and, hopefully, as guides to the parties. They are not and cannot be definitive, and so they should not be intruded on the profession by publication. The other proposition from which I dissent is the refusal of my brethren to certify the case to the Court of Appeal on our own motion pursuant to rule 63(a). If the case is important enough to require publication, it is important enough to be certified, rule 62(a), even though transfer of the case would remove these opinions from the Official Reports under rule 976(d).